IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DENNIS BROCKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-1035-CV-W-HFS-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Dennis Brockman seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claim for a period of disability, disability insurance benefits and Supplemental Security Income under the Social Security Act as amended. Judicial review is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

I.      Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the

existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

Plaintiff argues (1) the ALJ failed to properly assess Plaintiff's credibility; (2) the ALJ erred in according little weight to the treating physician; and (3) the ALJ erred in determining the existence of other jobs in the national economy which Plaintiff could perform. The Court will address these arguments in turn.

II.     The ALJ properly evaluated Plaintiff's subjective complaints

Plaintiff argues that the ALJ erred in finding Plaintiff's allegations of pain only partially credible. The burden of deciding the credibility of a plaintiff's subjective testimony rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by a six factor test in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).[1] If an ALJ discredits a claimant's testimony and gives good

---

[1]In Polaski, the Eighth Circuit set forth factors the Commissioner must consider in evaluating subjective complaints: (1) the objective medical evidence; (2) the subjective evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions. Polaski v. Heckler, 739 F.2d at 1322.

2

reasons for doing so, the court normally defers to the ALJ's credibility determination. Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991). The Court finds that the ALJ did not err in finding Plaintiff's allegations of pain only partially credible and gave good reasons for so deciding. Tr. 16-18. See Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000) (the ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole).

III. The ALJ accorded proper weight to the treating physician's testimony

Plaintiff also argues that the ALJ accorded inadequate weight to Plaintiff's treating physician, Dr. Downs. In evaluating a claim for disability, an ALJ gives substantial weight to a treating physician unless it is unsupported by the evidence or is merely conclusory. Grebenick v. Chater, 121 F.3d 1193, 1199 (8th Cir. 1997); Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988). The ALJ credited much of Dr. Downs' opinion and his progress notes. Tr. 17 216, 236-238. Dr. Downs's assessment that the Plaintiff could not do prolonged walking, standing, bending and stooping was not supported by the objective medical evidence or other evidence in the record. Tr. 17. Accordingly, the Court finds that the ALJ did not err in discounting this aspect of Dr. Downs's testimony.

IV. The ALJ properly determined the existence of other jobs in the national economy which Plaintiff could perform

Plaintiff argues that the Commissioner has failed to prove the claimant is able to perform some type of substantial employment. Specifically, Plaintiff argues that the hypothetical question given to the vocational expert was incomplete in that it did not entail all of the Plaintiff's limitations. The question was credible as it set forth impairments supported by

---

The ALJ need not discuss each Polaski factor methodically as long as the factors are acknowledged and considered. Brown v. Charter, 87 F.3d 963, 966 (8th Cir. 1996).

3

substantial evidence in the record and as accepted by the ALJ. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). Because the hypothetical question posed included only the limitations the ALJ found credible, and excluded those the ALJ discredited for a legally sufficient reason, the Court finds the Commissioner satisfied his burden of showing that Plaintiff could perform other work.

V.      Relief Ordered

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE:   November 14, 2005